IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 40373-4-III |
| | ) | (consolidated with |
| R.H. | ) | No. 40374-2-III) |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

HILL, J. — The juvenile court found R.H. dependent as to both of his parents, A.W. and A.H., pursuant to RCW 13.34.030(6)(b) and (c).  On appeal, the parties agree that the juvenile court's findings do not support a dependency under RCW 13.34.030(6)(b).  We acknowledge this agreement and remand to the trial court to vacate the finding of dependency only as to RCW 13.34.030(6)(b).

FACTS

Mother A.W. and father A.H. are the parents of R.H.  When R.H. was approximately three months old, he suffered several fractures requiring hospitalization.  Medical experts concluded the type and location of the fractures were indicative of abuse.  A.W. and A.H. denied causing R.H.'s injuries but could provide no explanation as to how they occurred.

The Department of Children, Youth, and Families (the Department) filed a dependency petition in September 2023.  The Department alleged R.H. was dependent pursuant to RCW 13.34.030(6)(b) and (c).  The Department further alleged that given the lack of explanation for R.H.'s injuries, the parents' inability to protect R.H. from physical

harm, and concerns for the parents' mental health, R.H. was at imminent risk of physical harm in their care.

The juvenile court presided over a six-day fact-finding hearing in late December 2023 and early January 2024. Among the Department's witnesses were several medical experts, including a pediatric hospitalist, a pediatric radiologist, a pediatric intensive care physician, and a critical medical geneticist. The Department presented evidence R.H. was abused while in the care of a parent in the home but did not present evidence indicating which parent committed the abuse.

A.W. and A.H. testified they did not harm R.H., did not see the other parent harm R.H., and they would not stay with each other if they knew the other harmed R.H. A.W. and A.H. also offered testimony of expert witnesses. Those witnesses included a pediatrician, a forensic pathologist, and a pediatrician and clinical molecular and biochemical geneticist. These witnesses provided possible alternative explanations for R.H.'s injuries.

The juvenile court issued an extensive written decision. Relevant to this appeal, the court wrote:

> In this case, [the Department] has met their burden that [R.H.] is a dependent child by a preponderance of the evidence. The Court has found more likely than not, [A.H.] or [A.W.] injured [R.H] resulting in four different fractures. While the Court cannot determine which parent caused the injuries to [R.H.], the Court does find it occurred in their home by one of them. [R.H.] is dependent both because the Court finds he is abused and

2

> he has no parent capable of caring for him and [R.H] was in circumstances that constituted a danger of substantial damage to this physical development.

Clerk's Papers (CP) at 777.

The trial court entered an order of dependency and disposition consistent with its written decision, concluding R.H. was dependent as to both parents pursuant to RCW 13.34.030(b) and (c).

The court placed R.H. with his paternal grandmother. The next month, R.H. was placed in the care of his maternal grandparents. In June 2024, the court returned R.H. to his parents. In May 2025, the juvenile court dismissed the dependency.

A.W. and A.H. now appeal the court's finding of dependency under RCW 13.34.030(b) due to insufficient evidence.

## LAW AND ANALYSIS

Parents have a fundamental right to the care, custody, and management of their children. *In re Welfare of A.W.*, 182 Wn.2d 689, 702, 344 P.3d 1186 (2015); U.S. CONST. amends. V, XIV; WASH. CONST. art. I, § 3; *In re Dependency of Q.S.*, 22 Wn. App. 2d 586, 608, 515 P.3d 978 (2022). This fundamental right, however, is not absolute. *Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 930, 949 P.2d 1291 (1997). Washington holds an interest in safekeeping the physical, mental, and emotional health of the children within the state. *In re Dependency*

*of Schermer*, 161 Wn.2d 927, 941, 169 P.3d 452 (2007). Dependency proceedings are designed to protect children from harm, mitigate problems that led to intervention, and to reunite families. *In re Dependency of H.W.*, 34 Wn. App. 2d 819, 847, 572 P.3d 481 (2025).

To find a child dependent, the trial court must find by a preponderance of the evidence that the child meets one of the statutory definitions under RCW 13.34.030(6). *Dependency of Q.S.*, 22 Wn. App. 2d at 608. Here, the juvenile court found R.H. was dependent pursuant to RCW 13.34.030(6)(b) and (c). Under RCW 13.34.030(6)(b), a child is dependent if they are abused or neglected by a person legally responsible for the care of the child.

As A.W. and A.H. challenge the sufficiency of the evidence to support the court's dependency conclusion, we examine whether substantial evidence supports the court's findings of fact and whether these findings support the court's conclusions of law. *In re Dependency of Ca.R.*, 191 Wn. App. 601, 627, 365 P.3d 186 (2015); *Dependency of Q.S.*, 22 Wn. App. 2d at 609. Although R.H. is now living with his parents and the dependency has been dismissed, this matter is reviewable due to the collateral consequences of a finding of dependency pursuant to RCW 13.34.030(6)(b). *See In re Dependency of H.S.*, 188 Wn. App. 654, 356 P.3d 202 (2015), and *In re Welfare of C.M.*,

4

27 Wn. App. 2d 747, 533 P.3d 1199 (2023).[1]

A.H. and A.W. do not directly challenge the trial court's abuse finding. Instead, they argue there is insufficient evidence to support the court's conclusion of dependency as to both parents. The Department concedes that the findings of fact do not support the court's conclusion of dependency pursuant to RCW 13.34.030(6)(b). While the court found one of the parents caused the abuse, it made no findings that, for example, the other parent inflicted abuse, neglected to prevent the abuse, or failed to seek treatment for the child's injuries. Without these findings, the court cannot identify a parent-specific deficiency and order appropriate services tailored to address it. We accept the Department's concession on this issue and remand to the trial court to vacate the dependency only as to RCW 13.34.030(6)(b).

## CONCLUSION

We accept the Department's concession that the juvenile court's findings do not support a dependency under RCW 13.34.030(6)(b) as to both parents. We remand to vacate the finding of dependency only under RCW 13.34.030(6)(b). We leave the court's dependency determination under RCW 13.34.030(6)(c) undisturbed.

---

[1] The parents do not challenge the trial court's finding of a dependency pursuant to RCW 13.34.030(6)(c). No concrete collateral consequences attach to a finding of a (c) dependency. *Welfare of C.M.*, 27 Wn. App. 2d. at 753.

Nos. 40373-4-III; 40374-2-III
*In re Dependency of R.H.*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Hill, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.


_____
Murphy, J.